UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMUEL TORRES, )
)
    Plaintiff )
)
v. ) No. 3:08-0636
) Judge Campbell/Bryant
)
CHAD YOUTH ENHANCEMENT CENTER, )
et al., )
)
    Defendants )

### MEMORANDUM AND ORDER

Pending is Plaintiff's "Motion for Additional Discovery" (Docket Entry No. 15), to which Defendants have filed their response in opposition (Docket Entry No. 16). In this motion, Plaintiff seeks an order from the Court requiring Defendants to produce for inspection and copying 13 categories of documents or things. Defendants oppose this motion on the grounds that (1) this request is untimely, (2) that Plaintiff has failed to show "good cause" why, in the exercise of due diligence, he could not have requested these documents within the deadlines ordered by the Court, and (3) the documents sought by Plaintiff are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

For the reasons stated below, the undersigned Magistrate Judge finds that Plaintiff's motion should be **DENIED**.

The case management order in this case established December 1, 2008, as a deadline for completion of written discovery and January 15, 2009, as the deadline for completion of any

depositions (Docket Entry No. 9). On or about December 23, 2008, approximately three weeks after expiration of the written discovery deadline, Plaintiff's counsel broke her leg. As a result, the parties were prevented from conducting the Plaintiff's deposition on December 30, 2008, when it had been scheduled. In order to allow for completion of discovery following the injury to Plaintiff's counsel, the parties submitted an amended case management order that extended the "discovery cut off deadline" to March 6, 2009 (Docket Entry No. 14).

Defense counsel took the deposition of the Plaintiff on February 11, 2009. Plaintiff testified about several instances of alleged discrimination that he had not mentioned in his complaint or in his charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"). (Docket Entry Nos. 1 and 16-4). In addition, several of these alleged instances of discrimination occurred prior to December 1, 2005, the date Plaintiff listed as the date of the earliest discrimination in his charge filed with the EEOC (Docket Entry No. 16.4, p. 1). Plaintiff by his motion seeks documents related to these events.

Given the fact that Plaintiff apparently has been aware for years of these instances that first came to light during his deposition on February 11, 2009, he has offered no reason why he failed to seek discovery of these documents in a timely fashion, and he has failed to demonstrate good cause for further extensions of the discovery deadline in this case. Fed. R. Civ. P. 16(b)(4).

2

Moreover, since these alleged instances of discrimination predate the earliest discrimination asserted in Plaintiff's charge before the EEOC, the undersigned Magistrate Judge finds that the documents sought here are not likely to prove relevant or to lead to the discovery of any evidence admissible in this case.

For the foregoing reasons, Plaintiff's motion for additional discovery (Docket Entry No. 15) is hereby **DENIED**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge