IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

SAMUEL TORRES,                              )
                                            )
    v.                                      ) NO. 3:08-CV-0636
                                            ) JUDGE CAMPBELL
CHAD YOUTH ENHANCEMENT                      )
CENTER, et al.,                             )
                                            )

## MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Docket No. 17). For the reasons stated herein, Defendants' Motion is GRANTED and Plaintiff's claims are DISMISSED.

Plaintiff filed this action against Chad Youth Enhancement Center ("Chad") pursuant to 42 U.S.C. § 2000 (e) ("Title VII") alleging race discrimination, reverse race discrimination, retaliation and a hostile work environment which led to his alleged constructive discharge. (Docket No. 1).

Plaintiff filed a complaint of discrimination with the EEOC on or about September 19, 2007. He received his right-to-sue letter on March 28, 2008. On June 26, 2008, Plaintiff filed his Complaint with this Court.

Defendant has moved to dismiss the Complaint, or in the alternative, for summary judgment, arguing that Plaintiff's complaint does not contain any allegations of discrimination against himself personally. See Docket No. 20.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. *Meyers v. Columbia/HCA Healthcare Corp.,* 341 F.3d. 461, 466 (6th Cir. 2003); *Hopson v. DaimlerChrysler Corp.,* 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. *Meyer*, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Id*. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. *Hopson*, 306 F.3d at 432.

## EXHAUSTION OF REMEDIES

On or about September 19, 2007, Plaintiff filed a complaint of discrimination and retaliation in employment, EEOC Charge Number 494-2007-03300. (Docket No. 1, p.2). Defendants allege Plaintiff failed to exhaust his administrative remedies because he "failed to identify any allegations of discrimination, harassment or retaliation with respect to him personally..." (Docket No. 20, p 8). The scope of an EEOC investigation is reasonably expected to grow out of the EEOC charges and as such would include and involve consideration

2

of Plaintiff's discrimination, harassment and retaliation allegations. *Seay v. TVA*, 340 F. Supp. 2d 844, 851 (E.D. Tenn. 2004) ("Once the EEOC charge of race discrimination is made, it is reasonable to expect that the EEOC investigation would explore and focus on determining: (1) the particular injuries, if any, caused by the charged race discrimination; and (2) appropriate relief to redress the injuries."). Therefore, the Court will consider Plaintiff's EEOC remedies fully exhausted.

## **DISCRIMINATION**

In his Complaint, Plaintiff alleges he was subjected to discrimination in violation of Title VII. (Docket No. 1, ¶ 11). Title VII prohibits discrimination by an employer against any individual on the basis of race, color, religion, sex or national origin. 42 U.S.C.A. § 2000e-2(a). The framework for analyzing a Title VII claim was established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In order to prevail under Title VII, the Plaintiff bears the initial burden of establishing a prima facie case of discrimination by a preponderance of the evidence. *Id.*, 93 S.Ct. at 1824.

To establish a prima facie case of discrimination, in the absence of direct evidence of discrimination, the Plaintiff must show: (1) that he was in a protected class or minority; (2) that he was qualified for the position; (3) that despite these qualifications, he was subjected to an adverse employment decision or rejected; and (4) that he was replaced by someone outside of the protected class.[1] *McDonnell Douglas*, 93 S.Ct. at 1824; *Mitchell v. Toledo Hospital*, 964 F.2d

---

[1] The fourth element may also be satisfied by showing that similarly situated non-protected employees were treated more favorable. *Tally v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1246 (6h Cir. 1995).

3

577, 582 (6th Cir. 1992); *Equal Employment Opportunity Comm'n v. Yenkin-Majestic Paint Corp.*, 112 F.3d 831, 834, n.1. (6 th Cir. 1997). The Supreme Court has stated that this initial burden "is not onerous." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Plaintiff contends that the totality of the circumstances of his employment, including his claims of retaliation, reverse discrimination and hostile work environment, resulted in his constructive discharge in violation of Title VII.

Plaintiff alleges the working conditions at Chad were so intolerable he was forced to resign as a result of constructive discharge. In order to establish a claim for constructive discharge, Plaintiff must demonstrate that (1) Defendant deliberately created intolerable working conditions, as perceived by a reasonable person, and (2) Defendant did so with the intention of forcing Plaintiff to quit. *Logan v. Denny's, Inc.*, 259 F.3d 558, 568-69 (6th Cir. 2001). Factors to consider in determining whether a reasonable person would have felt compelled to resign include whether the actions of the employer involved (1) demotion, (2) reduction in salary, (3) reduction in job responsibilities, (4) reassignment to menial or degrading work, (5) reassignment to work under a younger supervisor, (6) badgering, harassment or humiliation by Defendant calculated to encourage Plaintiff's resignation, or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status. *Id.* at 569.

Plaintiff has failed to raise any genuine issue of material fact concerning a deliberate attempt by the Defendants to create intolerable working conditions with the intent of forcing him to resign. He does not allege, nor is their evidence to indicate, that he was demoted, suffered a reduction in salary or job responsibilities, that he was reassigned to do menial or degrading work, nor that he was badgered, harassed, nor humiliate in a way designed to force him to resign.

4

Plaintiff simply appears to have become frustrated with his work situation and resigned voluntarily. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's constructive discharge claim is GRANTED, and that claim is DISMISSED.

## **RETALIATION**

Plaintiff alleges he has a cognizable claim for retaliation based upon his advocacy for white employees. (Docket No. 22, p.15). To establish a claim for retaliation in violation of Title VII, Plaintiff must show the (1) he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to the Defendant; (3) Defendant thereafter took adverse employment action against the Plaintiff, or the Plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000); *Reed v. Cracker Barrel Old Country Store, Inc.,* 133 F.Supp.2d 1055, 1075 (M.D. Tenn. 2000).

Plaintiff presented no evidence to demonstrate he was subjected to severe nor pervasive retaliatory harassment by a supervisor. While he does state some of the white employees came to him seeking help, and that he spoke with management about these problems, he has not shown that he suffered any harassment or retaliation, or adverse employment action, as a result of speaking with management. See Docket No. 22, pp.6–11. Also as noted above, the Court has found that Plaintiff was not subject to a constructive discharge. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's retaliation claim is GRANTED, and that claim is DISMISSED.

## REVERSE DISCRIMINATION

Plaintiff alleges the majority of the workforce at Chad was comprised of black employees and that he, as well as the few white employees, were the minorities at Chad and alleges in his complaint he was subject to reverse racial discrimination. (Docket No. 22, p.14). To establish prima facie case of reverse race discrimination under Title VII, the first prong of the four prong *McDonnell Douglas* burden shifting analysis requires Plaintiff to demonstrate background circumstances to support suspicion that defendant is that unusual employer who discriminates against the *majority*. *McDonnell Douglas Corp.,* 411 U.S. at 802. The third prong requires that Plaintiff suffered an adverse employment action. *Murray v. Thistledown Racing Club, Inc.,* 770 F.2d 63, 66 (6th Cir. 1985).

The Court has found that Plaintiff was not subject to a constructive discharge, and therefore did not suffer an adverse employment action necessary to prove a prima facie case of reverse discrimination under Title VII. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's reverse discrimination claim is GRANTED, and that claim is DISMISSED.

## HOSTILE WORK ENVIRONMENT

Although Plaintiff does not expressly allege a hostile work environment in his complaint, he does allege such a claim in Plaintiff's Response to Defendants' Motion for Summary Judgement (Docket No. 22) as a part of his Title VII claim. Therefore the Court will consider the issue.

In order to establish a prima facie case of a racially hostile work environment, Plaintiff must demonstrate that (1) he was a member of a protected class; (2) he was subject to

unwelcome racial harassment; (3) the harassment was based on race; (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment; and (5) the employer is liable. *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999). A plaintiff, though not within a protected class, may satisfy the first prong of this test based on his association with or advocacy on behalf of protected employees. Evidence that an employee was subjected to unwelcome racial comments as a result of his advocacy for protected employees satisfies the second and third prongs.

Plaintiff alleges the workforce at Chad was predominately black and that he was one of only two hispanic employees. (Docket No. 22, p. 13), satisfying prong one. However, Plaintiff has provided no evidence of animus towards him based on race nor based on his advocacy of his white employees. Plaintiff's allegations may indicate his own frustration with his work situation and his feelings of not being appreciated (see Docket No. 22, pp. 1-11), but they do not evidence a workplace permeated with severe or pervasive discriminatory intimidation. AMTRAK v. Morgan, 526 U.S. 101, 116 (2002). Therefore, Defendant's Motion for Summary Judgment on Plaintiff's hostile work environment claim is GRANTED, and that claim is DISMISSED.

## CONCLUSION

For the above reasons, Defendants' Motion for Summary Judgment (Docket No. 17) is GRANTED. Defendants' Motion to Dismiss is DENIED as MOOT.

IT IS SO ORDERED.

                                            TODD J. CAMPBELL
                                            UNITED STATES DISTRICT JUDGE